UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H. B. (A Juvenile), A2024,<br><br>Petitioner,<br><br>v.<br><br>WENDY STILL, Chief Probation Officer,<br><br>Respondent. | Case No. 18-cv-00687-CRB (PR)<br><br>**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND A CERTIFICATE OF APPEALABILITY** |

I.

Petitioner, a juvenile in the custody of the Alameda County Probation Department's Juvenile Justice Center, seeks a writ of habeas corpus under 28 U.S.C. § 2241 invalidating extradition proceedings to have him returned to Arizona. For the reasons set forth below, the petition for a writ of habeas corpus will be denied.

II.

On November 25, 2015, petitioner was charged as an adult in Cochise County Superior Court, Arizona, with three counts of arson of an occupied structure, two counts of aggravated assault, and two counts of reckless endangerment.

On March 14, 2016, petitioner entered a plea agreement in which he agreed to plead guilty to an amended count of attempted arson of an occupied structure in exchange for dismissal of all other counts in the indictment. As part of the plea agreement, petitioner agreed to execute a waiver of extradition in the event probation was granted but violated, and revocation proceedings were initiated.

On June 29, 2016, the superior court sentenced petitioner to probation for five years and to deferred incarceration in county jail for 30 days. As a condition of probation, petitioner agreed to obtain prior approval from the probation department before changing his residence.

On September 6, 2017, the probation department filed a petition to revoke petitioner's probation in Cochise County Superior Court, citing petitioner's violation of the probation condition requiring him to obtain prior approval before changing his residence. The petition alleged that on or about September 3, 2017, petitioner changed his residence without permission and that his current whereabouts were unknown. The petition asked that the court issue a warrant for petitioner's arrest.

On September 7, 2017, the court ordered that a bench warrant be issued for petitioner's arrest and that the warrant be placed in the National Crime Information Center (NCIC) database. That same day, the court issued a bench warrant for petitioner's arrest and ordered that he be held without bond.

On October 26, 2017, petitioner was arrested on the Arizona bench warrant in Oakland, California. Petitioner refused to waive extradition proceedings.

On March 1, 2018, the Governor of Arizona officially requested that the Governor of California "apprehend[] and deliver[]" petitioner to the Sheriff of Cochise County, and/or designees, "to receive and convey the said fugitive to the State of Arizona to be dealt with according to law." Answer Ex. 2 (ECF No. 17-3) at 2.

On March 12, 2018, the Governor of California issued a "Governor's Warrant of Rendition" commanding California sheriffs and peace officers to extradite petitioner back to Arizona. Id. Ex. 3(ECF No. 17-4) at 2.

III.

Article IV of the United States Constitution provides that "[a] person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." U.S. Const. art. IV, § 2, cl. 2. The Extradition Act, 18 U.S.C. § 3182, provides the procedures by which this constitutional command is carried out. New Mexico, ex rel. Ortiz v. Reed, 524 U.S. 151, 152 (1998).

It is well established that interstate extradition is intended to be a "summary and mandatory executive proceeding." Michigan v. Doran, 439 U.S. 282, 288 (1978). Once the governor of the asylum state has granted extradition, "a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." Id. at 289. "These are historical facts readily verifiable." Id.

2

Claims relating to "what actually happened in the demanding State, the law of the demanding State, and what may be expected to happen in the demanding State when the fugitive returns are issues that must be tried in the courts of that State, and not in those of the asylum State." Reed, 524 U.S. at 153 (citations omitted). It is simply not for officials or courts in the asylum state to make determinations, beyond those authorized by the Supreme Court, which affect a demanding state's constitutional right to obtain custody of fugitives from its justice. See Puerto Rico v. Branstad, 483 U.S. 219. 227 (1987) ("the commands of the Extradition Clause are mandatory, and afford no discretion to the executive officers or the courts of the asylum state").

Here, petitioner's first federal habeas petition challenging the extradition proceedings to have him returned to Arizona was dismissed without prejudice because it was based on his claim that, if extradited, his treatment by Arizona would violate his Eighth Amendment right to be free from cruel and unusual punishment. See H. B. v. Hopson, No. 18-cv-00217-CRB (PR), slip op. at 2-3 (N.D. Cal. Jan. 31, 2018) (order). But petitioner responded by filing the instant new petition claiming that the warrant from Arizona was "quashed" and that he now "has no outstanding charges." Pet. (ECF No. 1) at 6. Liberally construed, the court found that the claim appears cognizable under § 2241 as one of the issues this court may review in connection with petitioner's extradition proceedings and ordered respondent to file an answer.

A careful review of the record makes clear that although petitioner's claim appears to have some basis in fact, it is without merit. On November 1, 2017, the Cochise County Superior Court clerk made the following entry on the docket of petitioner's criminal case: "Warrant: Quashed – Post Adjudication." Petitioner argues that the warrant upon which he was arrested on October 26, 2017 therefore is no longer valid. But respondent has submitted a declaration from Michael Powell, a deputy county attorney for Cochise County, Arizona, stating that the clerk explained that the entry was generated by the clerk's office on its own accord rather than by court order, as a way to record that "the clerk's office had received a return of service on the warrant on November 1, 2017" and "clear their warrants system" of a warrant that had already been served. Powell Decl. (ECF No. 15-1) at 2. And in an abundance of caution, Mr. Powell secured an order from the court "[r]eissuing" the bench warrant for petitioner's arrest. Mar. 22, 2018 Order (ECF No. 24-3) at 1.

On this evidence and the rest of the record, the court is satisfied that: (a) the extradition documents on their face are in order; (b) petitioner was convicted of attempted arson of an occupied structure in the courts of Arizona and stands accused of violating the terms of his probation; (c) petitioner is the person named in the request for extradition; and (d) petitioner is a fugitive from the justice of Arizona. See Doran, 439 U.S. at 289. A writ of habeas corpus under

3

28 U.S.C. § 2241 invalidating the extradition proceedings to have petitioner returned to Arizona accordingly must be denied. See id.

Petitioner's last-minute filing of a notice of removal of his state criminal case to the United States District Court for the District of Arizona does not compel a different conclusion. It's unclear how such a removal would deprive Arizona of its right to extradite a fugitive, as petitioner claims. But even if it could, this court has reviewed the notice of removal petitioner recently filed in the District of Arizona, Arizona v. H. B., No. 4:18-cr-00356-TUC-RM (D. Ariz. Mar. 8, 2018), and finds that it is wholly without merit. The notice is untimely because it was filed after petitioner was convicted in state court, see 28 U.S.C. § 1455 (absent good cause, notice of removal of state criminal prosecution under 28 U.S.C. § 1443 shall be filed in federal court not later than 30 days after arraignment in state court or at any time before trial), and is without a valid basis in law, see Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (removal of state criminal prosecution to federal court under § 1443 is extremely narrow; right allegedly denied the removal petitioner must arise under a federal law providing for specific civil rights stated in terms of racial equality).

IV.

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, which this court may apply to this case, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

Dated: April 5, 2018

_____
CHARLES R. BREYER
United States District Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| HAYDEN BEAULIEU, | |
|---|---|
| Plaintiff, | Case No. 3:18-cv-00687-CRB |
| v. | **CERTIFICATE OF SERVICE** |
| WENDY STILL, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 5, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hayden Beaulieu
#A-2024
2500 Fairmont Drive
San Leandro, CA 94578

Dated: April 5, 2018

Susan Y. Soong
Clerk, United States District Court

By:_____
Lashanda Scott, Deputy Clerk to the
Honorable CHARLES R. BREYER